IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZAHARAH VALENTINE, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:23-cv-02899-SAG |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT

Plaintiff, Zaharah Valentine, brought the above-captioned lawsuit against Defendant, Baltimore City Board of School Commissioners, alleging employment discrimination claims under state and federal law. (ECF No. 1). The matter was referred to the undersigned by United States District Judge Stephanie A. Gallagher for discovery and related scheduling matters on January 24, 2025. (ECF No. 34). Presently pending before this Court is Plaintiff's Motion to Compel Discovery Responses. (ECF No. 33). The Court has reviewed Defendant's Opposition. (ECF No. 37). No reply has been filed, and the deadline to do so has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth immediately below, Plaintiff's Motion to Compel, (ECF No. 33), shall be DENIED as moot.

Plaintiff sets forth a valid basis for her Motion to Compel. Specifically, Plaintiff asserts that she served her First Set of Interrogatories and First Request for Production of Documents on Defendant on November 12, 2024, and no response was received by the December 12, 2024

deadline. (ECF No. 33-1 at 1-2).[1] Plaintiff represents that she made several good faith attempts to resolve the dispute, but that despite multiple communications with Defendant's counsel and an extension of the deadline to January 20, 2025, no discovery responses were received by the date that Plaintiff filed her Motion to Compel (January 23, 2025). *Id.* Defendant does not dispute this timeline, but states in its opposition that it provided the outstanding discovery responses on February 4, 2025. (ECF No. 37). Although Plaintiff indicates in an unrelated filing that Defendant's February 4, 2025 discovery responses were deficient,[2] she did not file a Reply to Defendant's Opposition to her Motion to Compel. On this record, it seems that the discovery sought by Plaintiff has been provided and her Motion to Compel will accordingly be DENIED as moot, without prejudice to Plaintiff re-filing a new motion to compel if the parties are not able to resolve any purported deficiencies in Defendant's production. The undersigned additionally notes that if the parties encounter further discovery disputes requiring court intervention, they must follow the informal discovery dispute process outlined in the Court's January 24, 2025 Memorandum to Counsel Concerning Discovery. (ECF No. 35).

Plaintiff additionally seeks attorney's fees in the amount of $3,000 incurred in bringing her Motion to Compel. (ECF No. 33-2 at 7). "In calculating an award of attorney's fees, the Court must first determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonable expended.'" *Callender v. Callender*, No. TDC-17-3249, 2019 WL 13098885, at *2 (D. Md. Aug. 15, 2019) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008)). As Defendant points out, however, Plaintiff has provided neither the hours expended on the motion

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

[2] Plaintiff states that "Defendant provided partial, incomplete, and completely disorganized discovery on February 4, 2025" and she sent a second notice of deficiency on February 14, 2025, in her opposition to Defendant's Motion for an Extension of Time to respond to Plaintiff's Motion to Proceed Under a Pseudonym. (ECF No. 43 at 3).

nor the billing attorney's hourly rate. Accordingly, the Court is unable to determine whether the fee sought is reasonable, and Plaintiff's request for fees will also be denied.


Dated: February 25, 2025                                       /s/
                                                   _____
                                                   J. Mark Coulson
                                                   United States Magistrate Judge