**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JANE DOE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:23-cv-2899 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS AND BALTIMORE CITY PUBLIC SCHOOLS | * * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO SEAL PLAINTIFF'S CROSS-MOTION FOR**

**SUMMARY JUDGMENT, MEMORANDUM, AND EXHIBITS**

Plaintiff Jane Doe respectfully moves to seal Exhibits 1, 2, 3, 4, 5, 7, 8, and 9 attached to her Cross-Motion for Summary Judgment (ECF Nos. 65-2, 65-3, 65-4, 65-5, 65-6, 65-8, 65-9, and 65-10), pursuant to Local Rule 105.11 and this Court's Order at ECF No. 48.

**I.    PROCEDURAL HISTORY**

On March 7, 2025, this Court entered an Order granting Plaintiff's Motion to Proceed Under Pseudonym, which specifically directed:

"That portions of any future filings containing Plaintiff's medical information or actual identity shall be filed under seal and a redacted version shall be filed on the public record."

ECF No. 48 at 1.

On October 28, 2025, Defendant filed its Motion for Summary Judgment under seal (ECF No. 63), noting that "redaction of these exhibits is not possible, as the information to be redacted is integral to the legal issues in this matter." ECF No. 64 at 2-3.

On November 18, 2025, Plaintiff filed her Cross-Motion for Summary Judgment under seal at ECF No. 65. On November 19, 2025, the Clerk issued a notice that "Motion to seal is also required." ECF No. 66.

## II.     LEGAL STANDARD

Local Rule 105.11 requires motions to seal to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections."

While there is a common law right to inspect judicial records, courts may seal documents when "competing interests outweigh the public's right of access." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). This Court has held that "sensitive medical or personal identification information may be sealed." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). However, where redaction would render documents "unreadable" because the information is "integral" to the claims, wholesale sealing is appropriate. *Dollar v. Anne Arundel Cnty.*, No. BAH-24-1642, 2025 WL 1347064, at *6 (D. Md. May 7, 2025).

## III.     EXHIBITS REQUIRING SEALING

All Exhibits aside from Exhibit 6 (Baltimore City Public Schools' Administrative Regulations on Employee Annual Evaluations) include personally identifiable information and sensitive medical information that mandates sealing:

- Exhibit 1 (ECF No. 65-2) – Defendant's Responses to Requests for Admission: Contains 22 requests identifying Plaintiff by her actual name.

- Exhibit 2 (ECF No. 65-3) – Awards and Honors: Public records identifying Plaintiff by her actual name and job title.

- Exhibit 3 (ECF No. 65-4) – EEO Interview: Contains witness interview discussing Plaintiff's medical condition, accommodation requests, and medical documentation.

- Exhibit 4 (ECF No. 65-5) – FMLA Request: Six-page medical certification signed by Plaintiff's treating physician containing Plaintiff's full legal name, specific psychiatric diagnosis, detailed symptomatology, functional limitations, frequency and duration of incapacity, and treatment plan.

- Exhibit 5 (ECF No. 65-6) – Administrative Appeal Decision: Contains Plaintiff's initials and discusses disability-related employment actions.

- Exhibit 7 (ECF No. 65-8) – MSBE Appeal: Fourteen-page administrative appeal filed under Plaintiff's actual name extensively discussing her medical diagnosis, accommodation needs, and disability-related claims.

- Exhibit 8 (ECF No. 65-9) – CEO Deposition: One hundred sixty-page deposition transcript with Plaintiff's actual name on every page header and extensive testimony regarding her disability, the traumatic incident that caused it, accommodation requests, and whether her medical condition factored into employment decisions.

- Exhibit 9 (ECF No. 65-10) – MSDE Decision: State education board order identifying Plaintiff by initials and discussing reassignment.

## IV.   WHY SEALING IS NECESSARY

### A.   This Court's Prior Order Mandates Sealing

This Court already determined that Plaintiff's medical information and actual identity warrant protection from public disclosure. ECF No. 48. The exhibits contain precisely what the Court directed be sealed: Plaintiff's actual name and detailed medical information including specific psychiatric diagnoses, symptoms, functional limitations, physician assessments, and treatment records.

### B.   The Medical Information Is Sensitive and Detailed

This Court has consistently sealed materials discussing medical conditions "in some detail," particularly mental health diagnoses and treatment. *Rock*, 819 F. Supp. 2d at 476 (sealing EEOC transcripts and investigator reports discussing plaintiff's medical condition and treatment "in some detail").

Here, Exhibit 4 contains a complete physician certification with detailed psychiatric diagnosis, specific symptoms, functional impairments affecting major life activities, episodic incapacity patterns, and treatment recommendations. Exhibit 7 is a fourteen-page appeal discussing medical diagnosis and workplace manifestations. Exhibit 8 is a 160-page deposition extensively discussing Plaintiff's disability, its traumatic etiology, and accommodation needs.

These materials contain substantially more detailed medical information than the materials sealed in *Rock*.

**C.      The Information Is Integral to Plaintiff's ADA Claims**

Plaintiff's disability and accommodation needs are the essence of every claim. The Memorandum necessarily discusses her specific medical conditions, how they limit major life activities, what accommodations she requires, and whether accommodation failures harmed her—precisely the analysis required in ADA failure-to-accommodate, discrimination, and retaliation claims.

As Defendant recognized in its own sealing motion, disability information is "integral to the legal issues" and redaction is "not possible" without rendering documents incomprehensible. ECF No. 64 at 2-3.

**D.      Redaction Is Not a Viable Alternative**

Redacting Plaintiff's name and medical information would require:

- Removing Plaintiff's actual name from hundreds of instances across nine exhibits (appearing in headers, captions, body text, and signatures)
- Redacting all references to specific diagnoses, symptoms, functional limitations, physician assessments, and treatment
- Removing entire pages of FMLA medical certifications (Exhibit 4)
- Redacting substantial portions of the 160-page CEO deposition (Exhibit 8)
- Eliminating the substantive content of the 14-page administrative appeal (Exhibit 7)

The resulting documents would be skeletal outlines devoid of content; i.e. precisely the "unreadable" result courts reject. *Dollar*, 2025 WL 1347064, at *6. Moreover, such redaction would require significant attorney and firm staff time to accomplish appropriate redaction, only to result in documents that provide no meaningful public value.

## V.    CONCLUSION

The exhibits contain Plaintiff's actual identity and extensive sensitive medical information as contemplated by this Court's Order at ECF No. 48. Sealing is consistent with this District's precedent protecting detailed medical information in ADA cases and with Defendant's sealing of its own summary judgment motion. Redaction would render the documents incomprehensible. Additionally, Defendant's counsel consents to the instant Motion to Seal.

**WHEREFORE**, Plaintiff requests that this Court **GRANT** this Motion and order that ECF Nos. 65-2, 65-3, 65-4, 65-5, 65-6, 65-8, 65-9, and 65-10 (Exhibits 1, 2, 3, 4, 5, 7, 8, and 9) remain under seal.

Dated: 12/1/2025

Respectfully Submitted,

/s/ Katherine Patton
Katherine Patton, Fed Bar No. 30693
838 Ritchie Highway, Suite 4
Severna Park, Maryland 21146
443-247-5444
katpatton@quinnpatton.com
*Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify, on this 1st day of December, 2025 the foregoing was served by CM/EFC to all CMF users.

/s/ Katherine Patton
Katherine Patton