**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JANE DOE                                  *

      Plaintiff,                        *

v.                                        *                  Civil Action No. 1:23-cv-2899

BALTIMORE CITY BOARD OF                   *
SCHOOL COMMISSIONERS AND
BALTIMORE CITY PUBLIC                     *
SCHOOLS
                                          *
      Defendants.
                                          *

*    *    *    *    *    *        *    *    *    *    *    *

**PLAINTIFF'S MOTION TO SEAL RESPONSE TO SHOW CAUSE ORDER AND**

**EXHIBITS CONTAINING REVISED MEMORANDUM ALREADY SEALED**

Plaintiff Jane Doe respectfully moves to seal ECF No. 76, Plaintiff's Response to the

Order to Show Cause, and its attachments consisting of Plaintiff's Revised Memorandum in

Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-

Motion for Summary Judgment (ECF No. 76-1) and a tracked-changes version of the same

document (ECF No. 76-2), pursuant to Local Rule 105.11 and this Court's Order at ECF No. 48.

**I. BASIS FOR SEALING**

On March 7, 2025, this Court ordered that "portions of any future filings containing

Plaintiff's medical information or actual identity shall be filed under seal and a redacted version

shall be filed on the public record." ECF No. 48 at 1.

On January 15, 2026, this Court entered a Paperless Order granting the Motion to Seal filed at ECF No. 68, which sought sealing of Plaintiff's original Cross-Motion for Summary Judgment memorandum and exhibits filed at ECF No. 65. ECF No. 74. That Motion was filed with Defendant's consent. The exhibits to the instant filing revise ECF No. 65, correcting citation errors identified in the Show Cause Order. This Court's sealing determination for the initially filed Memorandum should flow through to these revisions. Like the initial filing, the exhibits at ECF Nos. 76-1 and 76-2 include the same substantive information for which sealing was sought: specific psychiatric diagnoses, functional limitations, accommodation history, and medical documentation.

Defendant consented to the sealing of the original briefing and exhibits of which are revisions. Plaintiff has requested Defendant's consent to the instant Motion but has yet to receive a response.

## II. ALTERNATIVES TO SEALING

Should the Court determine that the Response itself (ECF No. 76) need not be sealed in its entirety, Plaintiff respectfully submits that sealing of the attachments alone, ECF Nos. 76-1 and 76-2, would provide sufficient protection for the Plaintiff, as those documents contain the medical and identifying information contemplated by ECF No. 48. Plaintiff is agreeable to either approach.

## III. CONCLUSION

The filings contain the same sensitive information that the Court has already agreed to seal in the initial briefing. ECF No. 65, ECF No. 74. Sealing is consistent with this Court's prior

determination that such information warrants protection and with Defendant's consent to the sealing of the original briefing of which these documents are a revision.

WHEREFORE, Plaintiff requests that this Court GRANT this Motion and order that ECF No. 76, including attachments ECF Nos. 76-1 and 76-2, remain under seal, or in the alternative, that solely the exhibits at Nos. 76-1 and 76-2 remain under seal.

Dated: 03/26/2026                    Respectfully Submitted,

                                     /s/ Katherine Patton
                                     Katherine Patton, Fed Bar No. 30693
                                     838 Ritchie Highway, Suite 4
                                     Severna Park, Maryland 21146
                                     443-247-5444
                                     katpatton@quinnpatton.com
                                     *Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify, on this 26th day of March, 2026 the foregoing was served by CM/EFC to all CMF users.

<u>/s/ Katherine Patton      </u>
Katherine Patton