IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JANE DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-23-2899 |
| v. | * | |
| | * | |
| BALTIMORE CITY BOARD OF | * | |
| SCHOOL COMISSIONERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

This Court has received Plaintiff's Counsel's Response to the Order to Show Cause, with revised summary judgment briefing attached, ECF 76, 76-1, and 76-2, Plaintiff's Motion to Seal that response and its attachments, ECF 78, and Defendant's Response in Opposition to Plaintiff's Motion to Seal, ECF 79. No hearing is necessary to resolve Plaintiff's Motion. Loc. R. 105.6 (D. Md. 2025).

This Court agrees with Defendant that nothing in Plaintiff's Response to the Order to Show Cause warrants its sealing. ECF 79 ¶¶ 4, 9. Plaintiff, herself, in her Motion to Seal, suggested that "sealing of the attachments alone . . . would provide sufficient protection for the Plaintiff." ECF 78 at 2. Accordingly, Plaintiff's motion as it pertains to her Response, itself, is DENIED, and Plaintiff is instructed to re-file her Response, without attachments, on the public docket. ECF 76 will remain sealed because the re-filed Response will receive a new ECF number.

As for the attachments—Plaintiff's Revised Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment, ECF 76-1, and the tracked-changes version of that document, ECF 76-2—Plaintiff

requests these documents be sealed consistent with this Court's January 15, 2026 Order granting Plaintiff's motion to seal her original briefing. Defendant has consented to such sealing, and this Court will GRANT Plaintiff's motion as it pertains to ECF 76-1 and 76-2.

However, this Court will not consider the revised briefing. While Plaintiff's counsel has accepted responsibility for the citation errors that permeated her original brief,[1] recognition of those errors does not then entitle her to this Court's acceptance of revised briefing. This is true even if, as Plaintiff asserts, the revisions are to citations only, and do not introduce new legal arguments. Attorneys are not entitled to a second bite at the apple when they file briefing with hallucinated citations and quotations. Moreover, notwithstanding Plaintiff's counsel's assurance that she "undertook a complete review of every citation in the brief against primary sources prior to preparing the corrected filing," ECF 76 at 3, the "revised" briefing *still* appears to contain citation inaccuracies.[2] Thus, Plaintiff's counsel's purported adoption of a "comprehensive citation verification protocol" in response to concerns raised by Defendant and this Court appears to have been incomplete.

---

[1] Plaintiff's counsel, Katherine Patton, has offered (having received Plaintiff's written consent) to, "if preferred by the Court," withdraw from representation of Plaintiff and be replaced with Donald Quinn, who is also counsel of record in this case. ECF 76 at 7. This Court declines to entertain the offer, however, as it suspects that similar shortcomings in quotation and citation verification have plagued Mr. Quinn's submissions to this Court in separate matters. *See, e.g.*, Letter Order, No. 1:25-cv-03566-SAG, ECF 26. Thus, it sees little reason to expect that replacing Ms. Patton with Mr. Quinn would ensure appropriately vetted filings. This Court's concerns extend to counsel's entire firm.

[2] As just one example, Plaintiff's "revised" briefing contains a citation, present in her original brief, to "*Nita H*, 2014 WL 3788011, at *6–8"; in her "Table of Authorities," Plaintiff provides, as the full citation for this case, "*Nita H. v. Frederick County Public Schools*, No. AW-13-3499, 2014 WL 3788011 (D. Md. July 31, 2014)." ECF 76-1 at 3, 31. However, this Westlaw identifier actually pertains to a July *16*, 2014 opinion of the *Equal Employment Opportunity Commission*, not this Court, in the matter of *Nita H. v. Sally Jewell, Sec'y Dep't of the Interior*.

For the reasons set forth above, Plaintiff's Motion to Seal, ECF 78, will be GRANTED IN PART and DENIED IN PART. The Clerk is directed to maintain ECF 76, 76-1, and 76-2 under seal, and Plaintiff is directed to re-file her Response to the Order to Show Cause on the public docket.

Dated: March 30, 2026

                                                            /s/
                                        Stephanie A. Gallagher
                                        United States District Judge