**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JANE DOE                                        *

     Plaintiff,                                 *

v.                                              *          Civil Action No. 1:23-cv-2899

BALTIMORE CITY BOARD OF                         *
SCHOOL COMMISSIONERS AND
BALTIMORE CITY PUBLIC                           *
SCHOOLS
                                                *
     Defendants.
                                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S COUNSEL'S RESPONSE TO**

**ORDER TO SHOW CAUSE**

Undersigned counsel respectfully submits this Response to the Court's Order to Show

Cause and files contemporaneously herewith a Corrected Memorandum in Opposition to

Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for

Summary Judgment, with a tracked-changes version reflecting all revisions.

## I.  INTRODUCTION

Undersigned counsel acknowledges the citation errors identified in Defendant's Exhibit

78 and accepts full responsibility for them. This Response explains how the errors occurred,

describes the nature of the errors and their corrections, and provides a citation-by-citation

accounting of each error and its correction in the chart below.

As a threshold matter, undersigned counsel respectfully notes that the errors identified are, on the whole, technical in nature rather than substantive. The errors fall into three principal categories: (1) quotations that are not verbatim but accurately reflect the holding or legal standard stated in the cited authority; (2) incorrect reporter numbers or Westlaw citations attributable to citation transposition; and (3) instances where the legal standard exists, but the authority cited in support of it is incorrect. In no instance did undersigned counsel *intentionally* misrepresent the law, and the corrected brief demonstrates that the underlying legal arguments are fully supported by accurate authority.

Undersigned counsel does not offer this characterization to minimize the seriousness of the errors, but to assure the Court that Plaintiff's claims rest on a sound legal foundation and that the corrected brief accurately presents that foundation.

## II.      PROVENANCE OF THE CITATION ERRORS

Undersigned counsel drafted the underlying brief and thereafter submitted the completed draft into a proprietary AI-assisted legal software platform for finalization (formatting and citation cleanup. Counsel's intent in doing so was limited to formatting tasks), e.g. ensuring consistent citation format and proper italicization of case names. Contrary to that intent, the software's in-line editing feature appears to have altered substantive citation content, including reporter numbers, Westlaw citations, and the placement of quotation marks around language that did not appear in the cited sources.

Counsel had uploaded a significant volume of relevant case law as PDFs to the software system in the belief that doing so would provide a second tier of verification. In hindsight, that approach appears to have introduced additional sources that the system was unable to parse

accurately. The software appears to have drawn upon cases cited within the uploaded materials — rather than the uploaded cases themselves — leading to citation transpositions and, in several instances, to quotation marks being placed around language that does not appear in the cited authority.

Undersigned counsel acknowledges that regardless of the mechanism by which the errors were introduced, the professional responsibility to verify every citation before filing rested with counsel alone. That responsibility was not discharged with sufficient care for this specific brief, and counsel does not offer the software's malfunction as an excuse, but only as an honest account of how the errors occurred.

## III.    REMEDIATION

Upon receipt of Defendant's Exhibit 78, undersigned counsel immediately implemented a comprehensive citation verification protocol to ensure that no future filing would contain similar errors. Under that protocol, each citation is confirmed against the original source before inclusion, and verified citations are visually marked to ensure that no authority is quoted or cited without direct confirmation of the language in the original source.

Counsel also undertook a complete review of every citation in the brief against primary sources prior to preparing the corrected filing. The corrected brief filed contemporaneously with this Response is the product of that review. It presents the same fundamental legal arguments as the original, and the tracked-changes version filed herewith demonstrates that all revisions are limited to citation corrections and do not alter the substance of Plaintiff's claims or legal theories.

## IV.    CITATION ERRORS AND CORRECTIONS

The following chart addresses each error identified in Defendant's Exhibit 78 in the order presented, identifies the nature of the error, and specifies the correction made in the contemporaneously filed corrected brief.

| Pg. | Case (as initially cited) | Issue Identified | Correction in Revised Brief |
|---|---|---|---|
| 11 | *Johnson v. City of Shelby, 574 U.S. 10 (2014)* | The legal proposition is correct: a plaintiff need not invoke a specific statute by name so long as the facts are alleged. The original brief placed quotation marks around paraphrased language rather than the Court's actual words. | Quotation marks removed. The proposition is now stated as a paraphrase, which accurately reflects the holding. Citation retained. |
| 12 | *Goodman v. Praxair, Inc., 494 F.3d 458, 465 (4th Cir. 2007) [first use]* | The legal proposition is correct: courts look to the factual content of a complaint rather than its legal labels. The quoted language, however, does not appear in *Goodman*. | Citation updated to *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), which contains accurate language supporting the same proposition: "a complaint need not pin plaintiff's claim for relief to a precise legal theory." |
| 12 | *Goodman v. Praxair, Inc., 494 F.3d 458, 465 (4th Cir. 2007) [second use]* | The fair notice pleading standard is correctly described. The fair notice discussion in Goodman, however, addresses the relation-back doctrine for amended pleadings rather than the general pleading standard. | Text revised to describe Rule 8's "short and plain statement" requirement accurately. Supporting citation updated to *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) and Fed. R. Civ. P. 8(a)(2). |
| 12 | *Cowgill v. First Data Techs, Inc., 41 F.4th 370, 378 (4th Cir. 2022)* | The four elements of a failure-to-accommodate claim are correctly stated. The quotation as reproduced used numbered "(1)-(4)" formatting and bracketed placeholder language that differs from the Court's actual text, which uses "(i)-(iv)" and slightly different phrasing. | Quotation revised to conform to the Court's actual language at 41 F.4th 378. The elements stated remain the same. Citation and pincite retained. |
| 12 | *Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 579-80 (4th Cir. 2015)* | The proposition (that determining whether an employee is a qualified individual able to perform essential functions with | Pincite extended to 579-80, 581. Parenthetical revised to accurately describe what the court does at those pages: "(conducting individualized review of |

| Pg. | Case (as initially cited) | Issue Identified | Correction in Revised Brief |
|---|---|---|---|
| | | accommodation is inherently fact-intensive) is correct and consistent with *Jacobs*. The pincite directed the court to pages where the court discusses facts rather than states that holding explicitly. | plaintiff's ability to perform essential functions of court clerk position with proposed accommodations)." No change to the legal argument. |
| 13 | *Gentner v. Maryland Dep't of Transp., No. GLR-17-3451, 2020 WL 7345541 (D. Md. Dec. 14, 2020)* | The legal proposition (that an unreasonable delay in providing accommodations can constitute a failure to accommodate) is correct and is well-supported by the actual *Gentner* decision. The case number and Westlaw citation as originally filed, however, were transposed errors that do not correspond to this case. | Corrected to the accurate identifiers: No. SAG-17-2493, 2020 WL 13612505 (D. Md. March 18, 2020). The six-month accommodation delay proposition is supported at *10 of the corrected citation. Corrected in all instances throughout brief. No change to the legal argument. |
| 14 | *Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 156 (4th Cir. 2012)* | The legal proposition (that reasonableness of a proposed accommodation is a fact-specific question not readily resolved at summary judgment) is correct Fourth Circuit law. The quoted language attributed to *Reynolds* and *Rhoads*, however, does not appear in either case. | Citation replaced with *Reyazuddin v. Montgomery Cnty., Maryland*, 789 F.3d 407, 414 (4th Cir. 2015), which directly addresses the summary judgment standard for reasonable accommodation claims and contains accurate supporting language. No change to the legal argument. |
| 16 | *Best v. MDH, 253 Md. App. 286 (Md. Ct. Spec. App. 2022)* | The legal proposition regarding adverse action analysis under *Muldrow* is correct and supported by the *Best* decision. The reporter volume and year cited were incorrect. | Corrected to: 264 Md. App. 181, 217-219 (2024). No change to the legal argument. |
| 17 | *Lewis v. Maryland Transit Admin., No. DKC 13-3097, 2015 WL 1396356 (D. Md. Mar. 25, 2015)* | The legal proposition regarding temporal proximity and the causation prong of a retaliation claim is correct and supported by the *Lewis* decision. The case number prefix and Westlaw citation as originally filed were incorrect. | Corrected to: No. SAG-13-2424, 2015 WL 4987598, at *11 (D. Md. Aug. 19, 2015), aff'd, 635 F. App'x 136 (4th Cir. 2016). No change to the legal argument. |
| 18 | *Foster v. Univ. of Md. E. Shore,* | *Foster* is a correct citation for the | Fabricated quotation marks and quoted |

| Pg. | Case (as initially cited) | Issue Identified | Correction in Revised Brief |
|---|---|---|---|
| | *787 F.3d 243, 252 (4th Cir. 2015)* | proposition that pretext can be established where an employer's justifications are vague and unsupported by objective evidence. The additional phrase "particularly ill-suited for summary judgment," placed in quotation marks and attributed to *Foster*, does not appear in that case. | language removed in all instances. Foster is retained in the brief for the propositions it accurately supports. The broader proposition that circumstantial evidence of pretext precludes summary judgment is supported by *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019), with accurate quotation. No change to the legal argument. |
| 18 | *Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1286 (4th Cir. 1985)* | The proposition (that an employer's substantial changes to its proffered reason for an adverse action supports an inference of pretext) is a correct statement of Fourth Circuit law. *Gairola*, however, is not the right citation for this proposition. | Citation replaced with *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 226 (4th Cir. 2019), which directly supports the proposition with accurate language. No change to the legal argument. |
| 18 | *Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring)* | The proposition (that shifting explanations support an inference of pretext) is a correct statement of the law. Justice O'Connor's concurrence, however, does not address shifting explanations as evidence of pretext. | Citation replaced with *Wannamaker-Amos v. Purem Novi, Inc.,* 126 F.4th 244, 258 (4th Cir. 2025), which directly and accurately supports the proposition. No change to the legal argument. |
| 19 | *Rowe v. Marley Co., 233 F.3d 825, 834 (4th Cir. 2000)* | The proposition (that contemporaneous assessments are more probative of employer intent than post-hoc rationales) is a correct statement of the law. The quoted language does not appear in *Rowe* and the case does not have a page 834. | Quotation and citation removed. Proposition now stated without quotation marks and supported by *EEOC v. Sears, Roebuck & Co.*, 243 F.3d 846, 852-53 (4th Cir. 2001), which accurately supports the same point with verified language. No change to the legal argument. |
| 19 | *Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000)* | The proposition (that an employer's deviation from its own established procedures constitutes evidence of pretext) is a correct statement of Fourth Circuit law. *Hawkins* does not address this proposition and the court affirmed summary judgment for the employer. | Citation replaced with *Wannamaker-Amos v. Purem Novi, Inc.,* 126 F.4th 244, 258-59 (4th Cir. 2025), which accurately supports the same proposition. No change to the legal argument. |

| Pg. | Case (as initially cited) | Issue Identified | Correction in Revised Brief |
|-----|---------------------------|------------------|-----------------------------|
|     |                           |                  |                             |

## V.    CONCLUSION

Undersigned counsel sincerely regrets the burden these errors have placed on the Court and on opposing counsel. The errors were not the product of any intent to mislead the Court, and as set forth above, the legal arguments presented in the original brief are, on the whole, supported by accurate authority as reflected in the corrected filing. Nevertheless, the filing of a brief containing citation errors of this nature fell below the standard of care this Court is entitled to expect, and undersigned counsel accepts that responsibility fully.

In the interest of ensuring that no further concern arises regarding the presentation of Plaintiff's case, and following consultation with and written consent of Plaintiff, undersigned counsel can, if preferred by the Court, withdraw from representation. Donald Quinn, who is already a counsel of record in this matter, could reassume the role of lead counsel going forward. This transition would be intended to provide the Court with assurance of continuity and diligence in the further prosecution of Plaintiff's claims.

Undersigned counsel respectfully requests that the Court accept this Response and the contemporaneously filed corrected brief as fulsome remediation of the identified errors, and that the Court permit Plaintiff's claims to proceed to resolution on the merits.

Dated: 03/25/2026                    Respectfully Submitted,

                                     /s/ Katherine Patton

                                     Katherine Patton, Fed Bar No. 30693

838 Ritchie Highway, Suite 4
Severna Park, Maryland 21146
443-247-5444
katpatton@quinnpatton.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify, on this 25th day of March, 2026 the foregoing was served by

CM/EFC to all ECF users registered as counsel in this matter.

/s/ Katherine Patton
Katherine Patton